An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

## IN THE SUPREME COURT OF THE STATE OF NEVADA

LAURA HICKS, INDIVIDUALLY AND
AS LEGAL GUARDIAN FOR TAYLOR
PRICE, A MINOR,
Appellant,
vs.
LEONARD LEYBA,
Respondent.

No. 57427

**FILED**

JUL 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a personal injury action for failure to timely effect service of process. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

On appeal, Laura Hicks argues that the district court improperly dismissed the case below because she used due diligence in attempting to serve Leonard Leyba and substantially complied with the requirements of NRS 14.070(2). Leyba disagrees.

Having reviewed the parties' briefs and appendices, we conclude that the district court did not abuse its discretion in dismissing Hicks's complaint based on her failure to timely perfect service of process upon Leyba. *See Abreu v. Gilmer*, 115 Nev. 308, 312-13, 985 P.2d 746, 749 (1999) (explaining that this court reviews an order granting a motion to dismiss for failure to effect timely service of process for an abuse of discretion). Specifically, Hicks failed to fully comply with the requirements of NRS 14.070(2), which states that substitute service through the Department of Motor Vehicles (DMV) is deemed sufficient if, in addition to providing a copy of the process with the required fee to the Director of the DMV, (1) the movant sends notice of service and a copy of the process to the defendant's address by registered or certified mail; and

(2) the movant files in the action the original process, the plaintiff's affidavit of compliance, and either a return receipt signed by the defendant or a return from the United States Postal Service indicating that the defendant refused delivery, could not be located, or that the address was insufficient. When the time to serve in the matter below lapsed on May 3, 2007, the record demonstrates that neither of these requirements had been met. Furthermore, Hicks's argument that she had "substantially complied" with the requirements of the statute and corrected the deficiencies in service lacks merit. Therefore, the district court did not abuse its discretion in dismissing the case for failure to serve. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Elissa F. Cadish, District Judge
     William F. Buchanan, Settlement Judge
     Robert S. Beckett
     Dennett Winspear, LLP
     Eighth District Court Clerk